**The People of the State of Illinois ex rel. Hickman, Plaintiff-Appellee, v. Frank M. Dallape, Carl Wisely, Everett Collins, Robert C. "Peter" Moon, and Lina Gulley, Defendants-Appellants.**

Gen. No. 69–38.

Fifth District.

January 21, 1970.

Elmer Jenkins, of Benton, for appellants.

Robert S. Hill and Lewis & Lewis, of Benton (Loren E. Lewis, of counsel), for appellee.

CLARK, J.

The State's Attorney of Franklin County filed a Complaint in quo warranto against certain named defendants who were purportedly elected commissioners of the Benton Community Park District on October 15, 1966, to determine by what warrant and authority they claim to hold the office. The election to select commissioners was held at the same time and place as the election to form the Park District.

A resident and taxpayer of the District was allowed to intervene in the proceedings, and thereafter following his death, the Circuit Court allowed another taxpayer to be substituted as an intervening petitioner.

The Complaint in quo warranto, Answer of the defendants, Reply to Answer and Pleas of plaintiff, and Reply to Answer and Pleas by Intervenor present the issues in this cause, all of which attack the validity of the formation of the District, and, therefore, the right of the Park Commissioners to hold office.

The Judge of the Circuit Court of Franklin County entered judgment of ouster on January 16, 1969, after a hearing wherein the facts and record were agreed upon pursuant to stipulation of counsel.

The following facts appear from the pleadings and evidence:

On August 19, 1966, a petition was filed in the Circuit Court of Franklin County petitioning the Judge to call an election for the purpose of voting for or against the formation of the Benton Community Park District. The petition described the territory to be encompassed in said proposed Park District as "all the territory included with (in) Benton Grade School District #47." A legal description of the Benton Grade School District, Community Consolidated District #47 was not filed with the original petition, but was introduced in evidence at a subsequent hearing along with a map of the territory of the proposed Park District.

457

The Judge, after reviewing the Petition, ordered that a hearing be held with notice to be given by publication. The notice of said hearing was by one publication in the local newspaper. The publication notice set a date for hearing on the Petition and provided in part "NOTICE is hereby given to the residents of Benton Grade School District, Community Consolidated District No. 47, that a Petition to form a Park District had been filed in the Circuit Court of Franklin County." The notice did not describe the territory to be included in the proposed Park District.

A hearing was held on the Petition, and the Judge ordered that an election be held within the proposed district, Benton Grade School District, Community Consolidated District #47, to submit the question of formation of said district to the voters and to elect five commissioners for said district. The order further provided for one publication notice in a local newspaper, and established one polling place at the Benton Consolidated High School located at 609 East Main Street in Benton, Illinois. The time for opening the poll was set at 12:00 o'clock noon, and the closing was set for 6:00 o'clock p. m. The publication notice for the election provided in part that notice of election was being given to the residents of "Benton Grade School District, Community Consolidated District No. 47," and further that said Park District would embrace the territory within said School District. The publication notice gave the polling place and the time of opening and closing the poll as set forth in the Court Order, and further stated that five commissioners were also to be elected.

The election was held, and the location of the poll was changed without notice from the Benton High School at 609 East Main Street, Benton, to the High School Gymnasium located in the 500 block on East Main Street, Benton.

The copy of the official ballot in the Report of Proceedings shows only one side which states the proposition and lists the candidates. The reverse side of the ballot is not included in the Report of Proceedings.

The return of election was signed by only one election judge, and indicates that there were 754 votes cast, with 621 votes cast for organization of the Park District and 133 votes against said proposition. Thereafter, an order was entered declaring the Benton Community Park District to be organized and established by the maps and descriptions filed. The order further provided that the five persons receiving the highest number of votes were declared to be commissioners.

The Defendants contend by their Answer and Pleas of Justification that the proper procedure had been followed in organizing the Park District and the election of five commissioners. They contend that they have complied with the statutory requirements and procedural steps for the organization of a Park District as set forth in chapter 105, Article II, Ill Rev Stats 1965. The Defendants further state that these preliminary organizational sections of the statute are directory and not mandatory, and that the manner of conducting the election was within the sound discretion of the Trial Judge. Plaintiff contends that certain mandatory statutory requirements have not been followed and that the judgment of ouster entered by the Franklin County Circuit Court is proper.

Plaintiff contends that the petition to organize the Park District does not contain a proper description of the territory of the proposed district. The Petition to form the Park District describes the territory of the proposed Park District as all the territory of Benton Grade School District No. 47. The official publication notice for the hearing on the Petition to form the Park District, and the publication notice for holding the election, give notice to

the residents of Benton Grade School District, Community Consolidated District No. 47 and set forth that the Benton Park District would "embrace the territory included within said school district."

We find that the Petition to form the Park District and all proceedings are defective in that they fail to properly describe the territory of the proposed Park District with reasonable certainty. The term "Benton Grade School District No. 47" does not describe the territory of the proposed Park District as of a specified date. This description does not meet the statutory requirements as School District boundaries are subject to change.

Plaintiff further contends that the election is invalid for the reason that only one polling place was established for the election. Section 1–4, chapter 105, Ill Rev Stats 1965, provides in part as follows:

". . . In any park district which encompasses more than one municipality at least one polling place shall be provided in each such municipality at all elections for officers where there is more than one candidate for an office . . . ."

Plaintiff contends this is a mandatory provision of the Park District Code.

We are inclined to say that it was mandatory that at least one polling place be established within the Village of West City as well as one in the City of Benton. The statute provides for the establishment of a polling place in each municipality; however, it is not necessary for us to decide whether the statute is directory or mandatory for the reason that we have found the description of the District to be defective.

Plaintiff contends that there were certain other irregularities in holding the election which would make

460

said election void. Defendants state these procedures involve directory sections of the statute and they would not invalidate the election unless it was shown that they were fraudulently done. While the record discloses that in other matters there appears to have been no attempt to substantially comply with the statutory provisions provided, we do not here determine whether such irregularities were so substantial as to render the election void.

For the above reasons, the order entered by the Circuit Court of Franklin County declaring the organization of the Benton Community Park District null and void and the Order of Ouster of the five commissioners of said Park District is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.